OPINION OF THE COURT
George B. Ceresia, Jr., J.
Plaintiff seeks a judgment of divorce based upon defendant’s confinement in prison for a period of three or more consecutive years after the marriage, pursuant to Domestic Relations Law § 170 (3). In support of her application she offers a copy of the verified complaint wherein she alleges that defendant was incarcerated during August 1999. Plaintiff further alleges that *376 the parties were married on April 26, 2000, approximately eight months after the commencement of defendant’s jail term.
In New York, “[n]o-fault divorce applies only where there is a previous decree of separation or a written separation agreement, as required by [Domestic Relations Law § 170]” (Schine v Schine, 31 NY2d 113, 116 [1972]). Otherwise, a divorce may be granted “only if fault is established” pursuant to one or more of the grounds set forth in Domestic Relations Law § 170 (Schine, 31 NY2d at 116). It stands to reason that the fault alleged as a basis for divorce must be attributable to the husband or the wife and that it must have occurred during the marriage.
Relevant to the instant action is Domestic Relations Law § 170 (3), which sets forth as a ground for divorce “[t]he confinement of the defendant in prison for a period of three or more consecutive years after the marriage of plaintiff and defendant.” Plaintiff alleges that the parties were married subsequent to the commencement of defendant’s confinement in prison. Thus, at the time of the parties’ marriage, plaintiff was aware of defendant’s incarceration. Absent any additional allegations that defendant committed acts following the parties’ marriage which constitute grounds for divorce, the mere fact that defendant continued to be incarcerated for a period of three or more years after the marriage is insufficient to establish fault on his part.
Accordingly, it is ordered that plaintiff’s application for divorce is hereby denied.