OPINION OF THE COURT
Ira R. Globerman, J.
Plaintiff moves by order to show cause for a default judgment or summary judgment on her action for divorce from the defendant. The divorce claim is made pursuant to Domestic Relations Law § 170 (3) alleging that the defendant was confined in prison for more than three or more consecutive years and that the *589 requisite period of imprisonment occurred after the marriage was performed. The defendant was duly served with the summons and complaint and with the instant order to show cause, but, although acknowledging such service to the plaintiff, has responded to neither.
The parties were married on June 20, 2000 while the defendant was incarcerated and after he had been sentenced in 1999 to 11 years and three months on a conviction for conspiracy to distribute and possess with intent to distribute cocaine. This action was commenced on November 29, 2007. When the defendant completed his sentence in 2008, he was deported to the Dominican Republic.
This action was ordered placed on the uncontested matrimonial calendar. Thereafter, plaintiffs papers were rejected by a referee on the grounds that the complaint failed to state a cause of action under Domestic Relations Law § 170 (3) because the defendant’s incarceration did not commence after the date of marriage. (Exhibit H at 4.)
After due consideration of the referee’s decision, I respectfully disagree with her conclusion that the complaint fails to state a valid cause of action for divorce. The only reported case considering this issue, Scheu v Vargas (4 Misc 3d 375 [Sup Ct, Rensselaer County 2004]), also denied a divorce in circumstances similar to the instant matter. That court held that the defendant therein could not be found to have been “at fault” for a failure of the marriage since the marriage, as in the instant matter, took place after the defendant had been sentenced and while he was incarcerated. Therefore, the court went on, since New York only allows “no fault” divorces following the execution of a separation agreement, the plaintiffs divorce claim founded on defendant’s incarceration had to be denied. I respectfully disagree with that conclusion. Domestic Relations Law § 170 (3) makes no reference to “fault.” Therefore, a plaintiff who fulfills all of the requirements set out in that section is entitled to a judgment of divorce, notwithstanding the fact that the defendant could not be said to have done anything after the marriage that could be construed as “fault.”
Accordingly, the plaintiffs papers having established that the requirements of Domestic Relations Law § 170 (3) are fulfilled, her action may proceed and the defendant’s default taken.